GRAham, Judge,
delivered the opinion of the court:
The plaintiffs seek to recover the cost of additional labor incurred and additional superintendence in the performance of work under a written contract due to delays arising by reason of changes in the plans and specifications where the terms of the contract provide for such changes and also provide for extensions of time to the contractor for delays caused by the Government with the statement “ that delays caused by the act of the Government will be regarded as unavoidable delays.”
The formal written contract between the parties provided for the determination of any additional cost due to such changes by the Chief of the Bureau of Yards and Docks. *441 The said changes as ascertained and approved by said Chief of Bureau of Yards and Docks, the contract provided, “ shall be added to or deducted from the contract price, and the contractor agrees and consents that the contract price thus increased or decreased shall be accepted in full satisfaction for all work done under the contract.” The contract also provided that
“ * * * in the event of the work not being completed within the time allowed by the contract, said work shall continue and be carried on according to all the provisions of said contract, unless otherwise directed by the Government, in writing, and said contract shall remain in full force and effect during the continuance and until the completion of said work.”
It also provided for extension of time, provided proper application therefor was made in writing to the officer in charge and approved by the Bureau of Yards and Docks, and also for the assessment of liquidated damages for delay in completing the work.
The contract between the parties was delivered to the plaintiffs on May 21, 1919, and called for the completion of the work in 150 days from date of delivery — that is, about October 18, 1919. On June 27, 1919, the Government requested that proceedings under the contract should be suspended until further instructions from the bureau and work was suspended until about the 1st of January, 1920, pending certain changes in the plans and specifications. Work was commenced on the latter date without protest and proceeded, with other delays due to changes in plans and specifications, being completed May 12, 1921.
The contract in this case contains practically the same provisions as those in the Crook case (59 C. Cls. 593, 270 U. S. 4) and Eric Lange et al. v. United States (61 C. Cls. 682), certiorari denied (273 U. S. 708).
In the Crook case there was a suspension of work as in this case and then a performance of the contract by the contractor. This court held that by so doing the party waived any breach, if such there was, that might have been caused by the delay, by going on with the work, that he could have re *442 fused to continue with the work. The Supreme Court in sustaining that case ,said:
“ The Government did fix the time very strictly for the contractor. It is contemplated that the contractor may be unknown, and he must satisfy the Government of his having the capital, experience, and ability to do the work. Much care is taken, therefore, to keep him up to the mark. Liquidated damages are fixed for his delays. But the only reference to delays on the Government side is in the agreement that if caused by its acts they will be regarded as unavoidable, which, though probably inserted primarily for the contractor’s benefit as a ground for extension of time, is not without a bearing on what the contract bound the Government to do. Delays by the building contractors were unavoidable from the point of view of both parties to the contract in suit. The plaintiff agreed to accept in full satisfaction for all work done under the contract the contract price, reduced by damages deducted for his delays and increased or reduced by the price of changes, as fixed by the Chief of the Bureau of Yards and Works.”
In the Eric Lange case the court dealt with costs incurred by reason of delays due to changes in plans that the Government under the contract had a right to make. It is clear that under the contract in this case and the facts, as a question of law the plaintiffs have no right to recover. But, aside from this, the court has found that there is no satisfactory proof as to each of the alleged items of claim growing out of delays. (Findings Y and YI.) It has also found that the alleged additional bond premium claim has not been proven, and it appears that the sum of $154.85 sought to be recovered, being two per cent of the amount of the claim which the Government has retained, was released to the Government under the settlement contract as consideration for settling with the plaintiffs and allowing them to reserve their claim, when the contract called for a full waiver before settlement.
We are of opinion that the plaintiffs are entitled to recover $154.85, and judgment should be entered for that amount. It is so ordered.
Williams, Judge; Littleton, Judge; Green, Judge; and Booth, Chief Justice, concur.