LittletoN, Judge,
delivered the opinion of the court:
The issues in this case have already been stated. Plaintiff contends that its relations with the defendant were contractual; that the United States Food Administration compelled it to pay amounts which were covered into the Treasury of the United States which neither the Food Administration nor the United States had a right to exact because the plaintiff had not violated the United States Food Administration regulations and had not made unreasonable profits in its milling operations. Plaintiff further insists that it was not bound by the audit of its books made by a representative of the Food Administration, and, therefore, is not precluded from maintaining this suit. The defendant contends that plaintiff Avas bound by the audit of the Food Administration and can not recover the amounts demanded and exacted by the Food Administration as excess profits; that there was no contract by the plaintiff and the defendant whereby the United States can be compelled to refund the excess profits collected from plaintiff by the Food Administration.
The court is of the opinion that plaintiff is entitled to recover, first, because under the facts and circumstances disclosed by the findings it was not bound by the audit of the Food Administration, and, secondly, because the rela.tion between plaintiff and the defendant was contractual.
At the outset it should be stated that the letter of July 17, 1919, written by the plaintiff to the Food Administra- *626 iion agreeing, in order that it might secure a license to continue business, to abide by the results of the audit of the Food Administration of the books and records of the company with the understanding that no claim for excess profits should be made until the matter was thoroughly discussed and understood between the parties, did not include an agreement by the plaintiff to be bound by an audit that contained errors and mistakes to the company’s prejudice so gross and palpable as to show that a serious injustice had been done. Nor did the letter include an agreement on the part of the plaintiff, without first being given full opportunity by the Food Administration to be heard, to be bound by an arbitrary decision that it had not maintained .a bona fide jobbing department and that it had violated Food Administration regulations and had charged excess profits in its said jobbing department. The audit of the books and records of the company was one thing; a decision that it had violated Food Administration regulations and had charged excess profits in its jobbing operations was •another thing. We think the latter proposition was not included in the letter of plaintiff agreeing to abide by the results of the audit of its books. It is not unusual for a citizen to repose upon the good faith and discretion of some public officer representing the Government and responsible for the protection of its interest in a transaction, and the citizen frequently consents to stipulations submitting certain matters to the judgment of such officer. In such cases, however, such officer is required to exercise the highest degree of care, good faith, and honest judgment, and must not act arbitrarily or capriciously. The party who has stipulated to submit a matter to the judgment of .another is entitled to have it exercised in good faith by the officer nominated and can not be bound unless such officer acts reasonably and with due regard to the rights of both contracting parties. Under letter of plaintiff to the Food Administration agreeing to abide by the results of its audit, the plaintiff was entitled to be heard before the Food Administration before any claim for excess profits should be made. The facts show that plaintiff was not afforded this «opportunity under the agreement of July 17, 1919, by which *627 defendant seeks to bind plaintiff, but the audit of Eldred and his associates was held conclusive upon the plaintiff and it was compelled to pay the excess profits recommended by them. The facts further show that the audits of plaintiff’s books and records, with the exception of the audit of its San Diego mill, which was the only audit made by Eldred, contained many errors to plaintiff’s prejudice and were so grossly inaccurate as to constitute bad faith. These audits also completely ignored plaintiff’s jobbing department and, therefore, constituted a decision by such auditors that plaintiff did not have a bona fide jobbing department and that it had charged excess profits in violation of the-Food Administration regulations which permitted plaintiff' to maintain and carry on a jobbing business.
The facts further show (Finding XXI) that with full, knowledge of the facts, the method of accounting, and the-manner in which the plaintiff carried on its jobbing business, the United States Food Administration approved its-methods and practice and that the plaintiff was not required' to make any change therein. At that time the plaintiff had been licensed by the Food Administration as a wholesaler and jobber. It appears that plaintiff maintained a-bona fide jobbing department within the meaning of the Food Administration regulations and its license as a jobber, that its books were kept in such a manner as to clearly reflect the facts with reference to its transactions, and that, it charged no excess profits in its operations.
In view of these facts, it is clear that in the audit, by which the defendant seeks to bind the plaintiff, the Food' Administration, through the enforcement division, was guilty of an arbitrary and wanton disregard of plaintiff’s rights and committed errors and mistakes to plaintiff’s, prejudice so gross and palpable as to leave no doubt in the mind of the court that grave injustice was done to plaintiff. In these circumstances the agreement is no bar to-plaintiff’s right to maintain this suit. Ripley v. United States, 223 U. S. 695; Mundy et al. v. Louisville & N. R. R. Co., 67 Fed. 633. The facts in this case distinguish it from the case of Cheyenne Milling Co. v. United States, 59 C. Cls.. 927, and other cases cited by the defendant in support of!' *628 its claim that plaintiff is bound by the Eldred audit. The audit stands on no higher basis than an award by arbitrators as to which it is well settled that the rule which governs is •entirely different from that which the defendant claims ¡should be applied in this case. It has been decided many times that a plain misconception of the facts, by reason of which it is made to appear that the arbitrators must have rendered a different decision had they proceeded in view of the true state ox facts, about the existence of which there could be no reasonable question, may constitute a ground for avoiding the award. A mistake which is plain and palpable as an erroneous computation or calculation will be sufficient to avoid an award. When arbitrators are required to determine the rights of parties according to law, a plain mistake in their construction of the law is sufficient ground upon which to avoid the award. Although a mistake which is properly to be considered as an honest error of judgment will not avoid an award, a mistake of fact or law which is so gross and palpable as to seriously prejudice the rights of either party is sufficient ground for impeachment..
The relation of the plaintiff and the defendant was contractual. The monies collected, which plaintiff seeks to recover, were covered into the Treasury by the United States Food Administration, which amounts are wrongfully being withheld from the plaintiff — Findings XI and XII. The United States Food Administration exacted and collected from the plaintiff the amounts in question under the authority conferred by the act of August 10, 1911, 40 Stat. 276, and Executive order issued pursuant thereto, and the written .agreements between the parties, and the licenses issued by the Food Administration. If the defendant is entitled to the sums collected, its right thereto arises by reason of such act, agreements, and licenses. In our opinion there is no merit in the claim of the defendant that plaintiff is not entitled to maintain this suit to recover the sums so collected. U. S. Grain Corporation v. Phillips, 261 U. S. 106. United States v. Powers, 274 Fed. 131.
*629 Plaintiff is entitled to recover, and judgment in its favor against tbe defendant will be entered for $167,026.35. It is so ordered.
Williams, Judge; Greek, Judge; and Booth, Chief Justice, concur.
Whaley, Judge, did not hear this case and took no part in the decision thereof.