Littleton, Judge,
delivered the opinion:
June 28, 1919, plaintiff and the defendant entered into a contract for the construction of an extension to the power *756 plant at Ind.ianb.ead, Maryland. The price fixed for the work specified in the contract, as originally made, was $250,572, and the contract was to be completed in all of its parts within 200 days from July 26,1919, the date on which a copy of the contract was delivered to the plaintiff, or on February 11, 1920. The defendant paid plaintiff a total of $310,832.75, consisting of the full contract price of $250,-572, plus the cost of changes and extras as determined by the Bureau of Yards and Docks amounting to $65,361.34 less-a deduction of $5,100.59, consisting of $2,300 liquidated damages and $2,800.59 retained percentage. In the petition plaintiff asked judgment for $132,572.63.
Because of numerous delays caused by the defendant,, the work which the defendant required plaintiff to do under the contract was not completed and accepted until June 30, 1921, which was 505 days beyond the time fixed by the contract for its completion. The Government arbitrarily held plaintiff liable for liquidated damages for 23 days’ delay beyond the contract period.
With reference to the various items included in plaintiff’s claim for amounts in excess of those allowed by the Chief of the Bureau of Yards and Docks as the cost of changes and extras, the facts establish beyond question that plaintiff was not allowed its proven costs for these items, and Findings I to XV, inclusive, show the additional amounts to which it is entitled for the extra work performed.
The defendant insists that plaintiff may not recover any amount with reference to these items for the reason that under the contract, paragraph 17 of the general provisions, the decision of a board of three officers and the Chief of the Bureau of Yards and Docks was conclusive and binding upon the plaintiff, and relies upon Lustbader Construction Co. v. United States, 62 C. Cls. 549; Eaton, Brown & Simpson, Inc., v. United States, 62 C. Cls. 668, and other cases of similar import in which it was held that when the parties to a contract agree that the decision of an officer shall be final the court may not set aside such decision unless it is fraudulent or so grossly erroneous that fraud will be implied. Those cases are not controlling here. It *757 was specifically pointed out therein that there was no evidence to establish fraud or bad faith. In this case the facts Establish, and we have found, that the decision of a board of three officers and the Chief of the Bureau of Yards and Docks with reference to these items and the decision of the Chief of the Bureau of Yards and Docks holding plaintiff responsible for liquidated damages for 23 days’ delay were so arbitrary and grossly erroneous as to constitute bad faith. The provision of the contract that the decision of these officers with respect to these items should be final and conclusive is, therefore, not binding and does not preclude the court from awarding the plaintiff judgment for its actual costs which paragraph 17 of the general provisions expressly required these officers to allow. Ripley v. United States, 223 17. S. 695; Munday et al. v. Louisville & Nashville R. R. Co., 67 Fed. 633; Globe Gram & Milling Co. v. United States, 70 C. Cls. 595.
With respect to the items relating to changes and extras set forth in Findings I to XY, inclusive, and the item of $2,300 exacted by the defendant as liquidated damages, Finding XVII, the plaintiff is entitled to recover a total of $22,968.14.
The next item claimed by the plaintiff relates to the additional cost to plaintiff of maintaining a force of workmen by reason of unreasonable delays directly caused by the defendant during the period beyond February 11, 1920, the date specified for the completion of the contract, including the increased costs for labor and material, and additional expenses resulting from such delays incurred by the plaintiff in being required to prosecute the work under conditions not contemplated in the contract.
The record is voluminous and all the testimony is positive that the delay in completing the work within the time provided in the contract was directly chargeable to the- defendant, and the facts establish that the delays were of such character as to entitle the plaintiff to recover its additional cost in maintaining its force of workmen and the increase in costs for labor and material, and the additional expense *758 incurred in prosecuting the work under conditions not contemplated in the contract. H. E. Crook Co., Inc., v. United States, 59 C. Cls. 348; McClintic-Marshall Co. v. United States, 59 C. Cls. 817; Goldstone v. United States, 61 C. Cls. 401; M. H. McCloskey, jr. (Inc.) v. United States, 66 C. Cls. 105. See Findings XVI and XIX.
With respect to many of the items referred to in Findings V to XV, the plaintiff was compelled to hold much of the work in suspense because of the failure of the Government officers to make decisions as to what they wanted and in holding up the work and changing decisions already made.
With respect to the item of additional costs to plaintiff attributable to the delay caused by the defendant (Finding XIX), the facts establish that the additional costs and expenses to plaintiff and the increase in the costs of labor and material directly attributable to the wrongful and unreasonable delay was $45,160.50. This amount the plaintiff is entitled to recover.
The remaining item relates to the deduction by the defendant of $2,800.59 from the amount of $80,141.31, being the final payment by the Navy Department admittedly due plaintiff under the contract. See Finding XX. Although the item of $20,800.59 was. deducted from the final payment mentioned, it represented 2 per centum of $140,029.67, the claims reserved by plaintiff in the qualified release. The exaction by the defendant of payment of this consideration from the plaintiff in order that it might receive payment of the amount admittedly due was unauthorized and the plaintiff is entitled to recover the same. McClintic-Marshall Co. v. United States, supra; Carroll et al. v. United States, 69 C. Cls. 435.
Judgment will be entered in favor of the plaintiff against the defendant for $70,929.23. It is so ordered.
Williams, Judge; Green, Judge; and Booth, Ohief Justice, concur.
Whalet, Judge, did not hear this case and took no part in its decision.