Williams, Judge,
delivered the opinion:
The plaintiff on May 4, 1922, entered into a contract with the Quartermaster Corps, United States Army, to take down and reerect four steel hangars complete with roller steel doors and to erect eight additional steel doors with connections and foundations at Mitchel Field, Mineóla, Long Island, New York.
The case was referred to a commissioner of the court to take the proofs and report the facts. Neither of the parties having filed exceptions to the report of the commissioner, his report is approved and adopted as the special findings of fact in the case.
By the terms of the contract the plaintiff was to commence the work on May 13, 1922, and complete the same August 11, 1922. The contract further provided that the defendant should furnish the plaintiff at the site of the work all material necessary for the performance of the contract, except material for the concrete foundations, which was to be furnished by the plaintiff.
The work was to be performed in strict accordance with certain plans and specifications, attached to the contract and made a part thereof, for the lump sum of $22,619.00, it being provided, however, that the plaintiff was to receive $12.75 per cubic yard for additional concrete footings in place, including necessary excavation, forms, material, and labor, the Government to receive a credit of $10.00 per cubic yard for such concrete footings as were omitted.
The contract also provided that in case the plaintiff failed to complete the work within the time stipulated, liquidated *374 damages would be assessed against it at the rate of $20.00 per day for each and every day’s delay.
The findings show that immediately after the execution of the contract, and before May 13, 1922, the date on which the plaintiff, by the terms of the contract, was required to commence the work, the plaintiff placed a force of men on the site of the work and actually commenced the work. The plaintiff was prepared and able to complete the work under the contract within the time stipulated, and would have done so had the defendant met its contract obligation to furnish, promptly and within the stipulated period, the necessary materials to perform the work. That the defendant completely failed to comply with its obligations in this respect is not denied. This fact is fully disclosed in Finding VII. Final delivery of the required materials was not made until February 7, 1922, practically six months after the time when plaintiff was required to complete the work. During this period the plaintiff was not able at any time to proceed with the work in accordance with any definite plan or schedule, being forced to work as the delayed material arrived, and at times being compelled to suspend the work entirely while waiting for materials.
That the plaintiff was delayed in the completion of the work by the failure of the defendant to deliver the necessarjr materials in accordance with its contract obligations, and incurred increased costs and expenses thereby, is not open to question. The plaintiff is entitled to be reimbursed for the damages so sustained, which the findings fix at $4,621.85. Detroit Steel Products Co. v. United States, 62 C. Cls. 686; McCloskey v. United States, 66 C. Cls. 105; Goldstone v. United States, 61 C. Cls. 401.
In Goldstone v. United States, supra, the plaintiff had entered into a contract with the United States to manufacture 160,000 bed sacks at 12 cents each, 80,000 to be delivered during April and 80,000 during May, 1920, in equal weekly shipments, the Government to furnish all material except thread. The facts showed that the contractor was able and prepared to make weekly deliveries in accordance with the terms of the contract but was prevented from doing so because of the Government’s failure to furnish the *375 required material. The contractor for this reason was delayed in the performance of its contract and incurred extra expenses on account of the delay. The court held the contractor was entitled to recover its additional expenses occasioned by the delay. The Goldstone case, in its essential facts, is directly in point with the instant case.
Judgment is awarded the plaintiff in the sum of $4,621.85. It is so ordered.
Littleton-, Judge; GREEN, Judge; and Booth, Ohief Justice, concur.
Whaley, Judge, having heard this case as commissioner, took no part in its decision.