Littleton, Judge,
delivered the opinion of the court:
Certain issues in this case are primarily questions of fact; they are (1) whether plaintiff complied with its contract with the defendant; (2) whether the defendant delayed plaintiff in the prosecution of its work during the time beyond the date specified in the contract for the completion thereof; (8) whether plaintiff filed proper protests; (4) whether the contracting officer was the head of the department within the meaning of Arts. 9 and 18 of the contract; and (5) whether the contracting officer made a final decision as contemplated by the contract with reference to delays and claims of the plaintiff for additional compensation for extra work. These questions are settled by the findings, which are fully supported by the record. It is well settled that where a contractor is delayed by the Government in the prosecution of work under a contract he is entitled to recover as damages the expenses incurred by reason of such delays which would not otherwise have been necessarily incurred. United States v. Smith, 94 U. S. 214. Mueller v. United States, 113 U. S. 153. Crook, Co., Inc., v. United States, 59 C. Cls. 348. McClintic-Marshall Co. v. United States, 59 C. Cls. 817. Goldstone v. United States, 61 C. Cls. 401. Detroit Steel Products Co. v. United States, 62 C. Cls. 686. MeCloskey, Jr. (Inc.) v. United States, 66 C. Cls. 105. Levering & Garrigues Co. v. United States, 71 C. Cls. 739. Donnell-Zane Co. v. United States, 75 C. Cls. 368. Inasmuch as the facts show that the plaintiff was seriously delayed in the completion of the work by the acts of the defendant, the assessment of penalties for delay was not authorized and, under the decisions cited, plaintiff is entitled to recover as damages the actual costs incurred by ■it for labor and materials resulting from such delay. United *629 States v. United Engineering and Contracting Co., 234 U. S. 236, 242. Bethlehem Steel Co. v. United States, 75 C. Cls. 845, 866.
With reference to the finality of the decision of the contracting officer upon which counsel for defendant chiefly rely in this case, the facts clearly establish that the contracting officer did not make an independent decision in the free exercise of his own judgment as was clearly contemplated by the contract. Instead, he first recommended to the Comptroller General partly in favor of and partly against the contractor and, later, after further protest and argument by plaintiff against the opinion of the Comptroller General, which was the only ruling plaintiff ever received, the contracting officer recommended wholly in favor of plaintiff on the questions of delay upon which its suit for liquidated damages is based. In these circumstances, it is clear that the action of the contracting officer was not conclusive upon the plaintiff and upon the court. A decision by the Comptroller General is not conclusive under the contract. Sun Shipbuilding & Dry Dock Co. v. United States, 76 C. Cls. 154. In United States v. North American Commercial Co., 74 Fed. 145, 149, it was held that where a contractor reposes upon the good faith or discretion of some public officer representing the Government there is an implied obligation upon the officer that he will not act arbitrarily or capriciously but will exercise an honest judgment and that “the party who has agreed to be bound by that judgment is entitled to have it exercised in good faith by the officer nominated and cannot be bound by the substituted judgment of another authority.” And in Ripley v. United States, 223 U. S. 695, 701, which involved a Government contract reposing judgment in an agent of the United States, the court said: “But the very extent of the power and the conclusive character of his decision raises a corresponding duty that the agent’s judgment should be exercised — not capriciously or fraudulently, but reasonably and with due regard to the rights of both the contracting parties.”
Counsel for defendant appear to contend that the court may not award plaintiff damages for delay caused by the defendant for the reason that plaintiff did not submit its *630 claims for unliquidated damages to the contracting officer. But there was no provision in the contract requiring that this should be done as a condition to plaintiff’s right to sue, or as a condition to the exercise of jurisdiction over the claims by the court'. Art. 15 of the contract related to disputes but makes no reference to the matter of submission of claims for damages for delays caused by the defendant. Art. 9 of the contract provided that plaintiff should notify the contracting officer of the delays and that, such officer should ascertain the facts and extent of the delay but does not provide for the submission of damage claims for such delays. Paragraph 20 of the specifications related to the filing of protests. Art. 3 of the contract related to changes; Art. 4 concerned changed conditions, and Art. 5 related to extra work. None of these provisions required plaintiff to submit to the department its claims for the amount of damages for delays. In Clyde v. United States, 13 Wall. 35, 39, the court held that to require claimants to first submit their claims to the department was “establishing a jurisdictional requirement which Congress alone had the power to establish.”
The damages which plaintiff has proven as having resulted directly from delays caused by the defendant total $27,433.12, which with the unauthorized deduction of $12,300 as penalty for delay totals $39,733.72. This amount the plaintiff is entitled to recover.
In arriving at the amount of plaintiff’s damages, no allowance has been made with respect to the extra expense claimed as a result of the delay in connection with item 6, sidewalk, Virginia leaf (finding 12), for which an extension of time was granted, for the reason that at the time this delay occurred plaintiff advised the contracting officer in writing that no claim thereon other than for an extension of time would be made. Without discussing the question whether under every circumstance a contractor might be bound by such a waiver, it is sufficient here to state that no conditions or circumstances have been proven which would warrant the court in allowing damages for this delay in view of this statement made by the contractor at the time when it was thoroughly familiar with all the circumstances, *631 to the effect that it did not wish to make any claim upon the Commission other than for an extension of time to cover the period of delay.
In addition to the items of damages sustained by plaintiff and allowed by the court as set forth in the findings, plaintiff claims as damages under the various items certain amounts as rental of equipment, such as barges, tug boats, derricks, etc., in the total amount of $27,451.50. The evidence, however, is not sufficient to support this item of alleged damages for delay. While it is true that this equipment was kept idle during certain of the delays caused by the defendant, the evidence does not establish that the plaintiff thereby sustained actual damages in the amount claimed. The basis of this claim is that the delays prevented the removal and use of the equipment on other work, but the evidence fails definitely to establish that plaintiff during such times was engaged in other work where such equipment was needed and could have been used, or that the plaintiff was put to any extra expense for the rental of equipment on other projects because of the delays under this contract.
Judgment will be entered in favor of plaintiff for $39,733.72. It is so ordered.
Whaley, Judge; Williams, Judge; GkbeN, Judge; and Booth, Chief Justice, concur.