Barney, J.,
delivered the opinion of the court:
September 14, 1901, the plaintiff entered into a contract with the defendants to erect for them a coaling plant at the navy-yard, Portsmouth, N. H., for the agreed price of $100,000. By the terms of the contract and the specifications, which were made a part of the same, it was agreed that the claimant should immediately enter upon the construction of the building, and should complete it within twelve calendar months from the date of the contract.
The claimant took immediate steps to begin work upon the building, but was prevented from doing so until about the middle of July, 1903, or nearly two years after the time provided for in the contract. This delay was caused by the failure of the Government to designate and prepare a site upon which the building should be constructed. In the meantime the claimant was in constant correspondence with the officers of the Government in charge of this work, urging the early preparation of a site and expostulating as to the delay. In the course of this correspondence the claimant represented that prices of labor and material were rising, and that if it completed the work upon the building it would expect some extra compensation above the contract price, which was apparently acceded to by the officers of the Government.
The claimant completed the work in time to be tested March 22, 1904. A duly authorized board of the Government made this test and approved of the work, with the exception of a few somewhat insignificant details amounting altogether to only $272.50. This sum was deducted from the contract price, and the balance was paid.
This suit is brought to recover the damages sustained by the claimant by reason of this delay, occasioned by the advance in the price of materials and cost of labor necessary in the construction of the building,
*367 The obligation of the claimant to begin the work immediately after the execution of the contract was only reciprocal to the obligation of the defendants to designate and prepare a site upon which the building should be constructed. (Kelly v. United States, 31 C. Cls. R., 361; United States v. Speed, 8 Wall., 77, 84.)
That damages to a building contractor occasioned by such delay are the subject of recovery is too well settled to admit of discussion. The case of Kelly v. United States, supra, is strikingly similar to the case at bar, and there a recovery was allowed for damages exactly the same in kind as those sought in this case.
The question was raised by counsel for the defendants whether the claimant did not waive any claim for damages which it might have against the United States due to delay in the preparation of the site in question, and having elected to proceed with the work notwithstanding the delay, if it is not thereby estopped from claiming damages. This inquiry must be answered in the negative, as it does not seem to us that such a proposition can be sustained either on principle- or authority.
It would indeed be a strange doctrine that an innocent party to a contract is bound to rescind it upon any breach on the part of the other party, or otherwise be held to have waived the breach. The same reasoning would make the acceptance by the owner of work completed after the time limit, a waiver of damages on account of such delay.
As was said in Ketcham v. Duncan (96 U. S., 659, 666) :
“An estoppel does not operate in favor of everybody. It operates only in favor of a person who has been misled to his injury, and he only can set it up.”
The defendants have neither been misled nor injured by the election of the plaintiff to proceed with the work notwithstanding the delay. We know of no doctrine of estoppel which would operate against the plaintiff in this case.
It follows from the foregoing that the plaintiff is entitled to a judgment for the sum of $4,471, and it is so ordered.