Booth, J.,
delivered the opinion of the court:
The claimants contracted with a district quartermaster of the Army to make certain repairs to a steam vessel. Subsequent to the commencement of the work a supplemental contract was executed for additional repairs to the same vessel, and an extension of time allowed for the completion of the same. Another contract embracing slight additional repairs was executed, involving no extension of time. The contracts expressly provided that they were all made subject to the approval of the Quartermaster General of the Army. The time limit provided for the execution of the work extended from August 20, 1908, the date of the first contract, to October 6, 1908, fixed in the supplemental agreement. The defendants did not deliver the vessel to the claimants until ten days after the time specified in the contract for the commencement of the work. The contractors performed the work and turned over the vessel to the proper authorities on October 17, 1908, eleven days later than the time agreed upon. The first contract was not approved by the Quartermaster General until December 11, 1908, and the supplemental agreement on December 12, 1908. The defendants deducted from the consideration of the *371 contracts $435, the amount expended by them in the employment of a similar vessel from October 6, 1908, until October 17, 1908, the date of the completion of the repairs. This suit is to recover the amount so deducted.
It has been decided repeatedly by this court that a contract providing for the approval of a superior officer is not a valid subsisting agreement until such approval is made according to the contract. (Snare & Triest Co. v. United States, 43 C. Cls. R., 364; Ittner v. United States, 43 C. Cls. R., 336; Little Falls Knitting Mill Co. v. United States, 44 C. Cls. R., 1.) The Supreme Court in Camden Iron Works v. United States (181 U. S., 453) and Monroe v. United States (184 U. S., 524) affirmed this doctrine. Neither the contractor nor the defendants incurred liabilities under the contract until it was approved. The defendants were in no position to assert rights under a contract which they neglected to execute. The contract having expressly held in abeyance the date of its validity and lodged in a supervising official the final word of assent or dissent, made the approval thereof a condition precedent to its binding character. The defendants having failed to perform this condition until a time subsequent to the date fixed in the agreement for the performance thereof, waived this clause of the contract and imposed upon the contractors an obligation to complete the work within a reasonable time. The record discloses that they did complete the work within a reasonable time.
The court is not called upon in this case to pass upon an alleged approval of a contract by correspondence, etc., for the record shows that all the letters relied upon are merely authoritative instructions to a subordinate officer, issued prior to the execution of the contract and more in the nature of negotiations. The Quartermaster General evidently assented to this view, for his express approval indorsed upon the contract bears the dates mentioned in the findings. The Quartermaster General’s office expressly notified the district quartermaster at Fort Howard that “A supplementary *372 agreement covering this extra work ancb extension of time should be prepared at once and submitted to this office for approval.” For some reason this was not done until almost a month later. The correspondence was not addressed to claimants herein, and there is nothing in the record to show that the same was brought to their attention. The notification directed to claimants of an intention to deduct the amount here sued for was followed by protests from the claimants. The correspondence lacks definiteness in the matter of approval, if otherwise admissible.
Judgment awarded claimants for $435. It is so ordered.