Williams, Judge,
delivered the opinion of the court:
On March 19, 1932, plaintiff entered into a contract with the defendant, through the Veterans’ Administration, under which plaintiff agreed to furnish all labor and materials, and perform all work required for the completion, at Veterans’ Administration Hospital, Sheridan, Wyoming, of an addition to Hospital Building No. 9, with connecting corridor, remodeling of Hospital Building No. 9, and a new Attendants’ Quarters Building No. 64, with walks and grading in connection with these buildings; including plumbing, heating, electrical work and outside service connections, for the consideration of $210,000, in accordance with the plans and specifications, all of which were made a part of the' contract.
The contract provided that work should be commenced within 10 calendar days after receipt of notice to proceed,, and should be completed within 145 calendar days after receipt of notice to proceed. The contract further provided' for the payment to the Government as liquidated damages $100 for each calendar day beyond the date stated in the contract which the contractor might require to complete the' *481 work, as compensation to the Government for its delayed possession.
In submitting its bid plaintiff planned to perform concurrently all the various building operations required for the three buildings and when awarded the contract intended to utilize the full 145 days of the contract time for remodeling old building No. 9. The work in remodeling this building is shown by the record to have been of such nature as to require 145 days of normal summer weather for completion.
Plaintiff visited the site of the work on March 30, 1932, and requested the medical officer in charge of the hospital, who was at that time the temporary representative of the contracting officer, to vacate old Building No. 9 and informed him that to complete the work within the contract time operations would have to be concurrently performed and would have to be started immediately upon the notice to proceed. The medical officer informed plaintiff he could not vacate the building at that time, as it housed acutely sick and postoperative cases and included the surgery, dental clinic, eye, ear, nose and throat clinic, laboratory, and pharmacy; that there was no other available station for housing the patients and facilities during construction, and that old Building No. 9 could not be dismantled until new Building No. 9 was ready for occupancy.
On April 6, 1932, the contracting officer instructed plaintiff, by letter, to proceed with “additions to Building No. 9 and new Attendants’ Quarters at Veterans’ Administration Hospital, Sheridan, Wyoming.” On April 9, 1932, plaintiff acknowledged receipt of this notice, and on April 12, 1932, wrote the defendant that if the work was to be completed within the specified time it would be necessary to vacate Building No. 9 immediately, and that if defendant desired to delay the starting of the work on that building it would have to grant the plaintiff extra time and costs on this account. Defendant thereupon requested plaintiff to submit a proposal for performing the work on Building No. 9 after new Buildings Nos. 9 and 64 had been completed. On April 23, 1932, plaintiff submitted a proposal of this kind, which -was rejected by defendant on June 20,1932.
Plaintiff proceeded with the work other than that of remodeling Building No. 9 and prosecuted the work diligently *482 until August 23,1932, on which date the work on new Building No. 9 and Building 64 >vas practically completed. On that date the defendant vacated old Building No. 9 and made it available to plaintiff for remodeling. At that time 136 of the 145 days of contract time had expired and it was manifestly impossible for plaintiff to complete the work within the 145 days specified.
Plaintiff proceeded with the work of remodeling old Building No. 9 with reasonable diligence until February 13, 1933, when all work under the contract was completed and accepted by the defendant. The completion date of the work was the 311th day of the contract time. Of the time thus used 145 days represented the original contract time, 99 days represented delays encountered in the foundations and in the installation of elevators for new Building No. 9, for which plaintiff was granted extensions of time, and 67 days for which no extension of time was granted.
Upon settlement with the plaintiff for the work defendant deducted and withheld as liquidated damages, from moneys otherwise due the plaintiff, $6,700, or $100 a day for each of the 67 days’ delay in completing the contract beyond the contract time as extended. Plaintiff accepted the final payment, under protest, reserving its right to bring suit for any balance due.
In this suit plaintiff seeks to recover $32,784.93, representing losses alleged to have been sustained in the execution of the contract, arising from the defendant’s failure to> turn over to plaintiff one of three sites on which work was to be performed at the time notice to proceed was issued, which resulted in protracting the period of performance and increasing the cost of the work. In addition plaintiff seeks recovery of the $6,700 liquidated damages withheld by defendant at the time of settlement.
Undoubtedly plaintiff had the right to perform concurrently all the various building operations required for the three buildings covered in the contract. Compensation for the work involved was fixed in the contract at a lump sum and the time restriction of 145 days for the completion of the work had application to each of the three buildings.. The whole job was to have been completed within 145 days, *483 beginning 10 days after the receipt of notice to proceed with the work. Plaintiff, therefore, was clearly entitled to have old Building No. 9 turned over to it and made available for the work of remodeling at the time the work started,, and the failure and refusal of the defendant to make the building available to plaintiff at that time was a clear breach of the contract. The record warrants the conclusion that had old Building No. 9 been made available to plaintiff at the time plaintiff was notified to proceed with the work the entire contract would have been completed within the limited time for performance as such time was extended by the defendant for causes other than its failure to turn old Building No. 9 over to plaintiff until August 23, 1932.
Defendant by its action delayed the plaintiff in the work of remodeling Building No. 9 from the date of the commencement of the work in April 1932 until the building was vacated and turned over to plaintiff on August 23,1932. The defendant’s failure to make available old Building No. 9 with the issue of notice to proceed "was alone responsible for the delayed completion of the contract. Plaintiff was clearly entitled to an extension of the contract time for the period of this delay, and the decision of the contracting officer rejecting plaintiff’s application for such extension of time was arbitrary and capricious and without binding effect on plaintiff.
The law is well established that where a contractor’s delay is caused by the other party to the contract, he cannot beheld responsible for not completing the work within the specified time, Levering & Garrigues Co. v. United States, 73 C. Cls. 566, and that where a contractor is prevented from executing his contract according to its terms, he is relieved from the obligation of the contract and from paying liquidated damages, Ittner v. United States, 43, C. Cls. 336. The rule is well stated in Moore, Receiver, v. United States, 46 C. Cls. 139, 181, where the court said:
The law is well settled that when a contractor is delayed by the owner in the prosecution of his work he is relieved from the time limit in the contract; or, as it is sometimes expressed, the owner is thereby deemed to have waived it. This rule is so clearly reasonable as to hardly need citation of authority (Dannat v. Fuller, 120 *484 N. Y. 554; Texas & St. L. Ry. Co. v. Bust, 19 Fed. Hep. 239; Manufacturing Co. v. United States, 17 Wall. 592; Ittner v. United States, 43 C. Cls. 336). It follows as a corollary of this rule that in case of such delay the contractor is entitled to a reasonable extension of the time limit named in the contract for performance.
* * * It follows from this that the claimant is not chargeable with anything on account of delay, as provided for in the contract, but is entitled to recover such damages as were sustained by reason of such delay on the part of the Government.
The rule announced in the foregoing decisions has uniformly been followed by this court in cases too numerous for citation here and its correctness is not now questioned.
Plaintiff was relieved from its contract obligations to pay liquidated damages because of the delay of the defendant in making available old Building No. 9 until it had become impossible for plaintiff to complete the work within the time limit of the contract. Thereupon plaintiff became charged with the obligation of completing the work within a reasonable time. The work of remodeling old Building No. 9 was completed within a period of 175 days from the date it was made available to plaintiff. It is shown that the work was performed within a reasonable time in view of the conditions encountered. Liquidated damages in the amount of $6,700 were therefore wrongfully assessed against plaintiff and retained by the defendant from moneys otherwise due plaintiff. Plaintiff is entitled to recover this amount.
The delay of plaintiff in getting possession of old Building No. 9 necessarily carried the work on that building over into the winter months of 1932 and 1933. The records show that beginning early in October 1932 and extending through until the completion of the work on February 13, 1933, most unusual and severe weather conditions prevailed. Most of the time during this entire period the temperature was below the freezing point and during much of the time subzero weather prevailed. The work was greatly impeded by the unfavorable weather and on several occasions the Government inspector ordered the work stopped. At times it was impossible for the workmen to come out to the site of the work due to heavy snow drifts on the roads, and there were occasions when after arriving at the site it was too *485 cold for them to do any perature encountered the. superintendent of construction directed plaintiff to install temporary closures and temporary heat so the plaster would not freeze and the interior painting could proceed. These conditions not only impeded the progress of the work and resulted in its prolongation but greatly increased its cost to plaintiff. The findings disclose that as a direct result of the prolongation of the work and the necessity of performing it under severe weather conditions plaintiff sustained losses and damages aggregating $23,316.10. These losses are set out in detail in Finding No. 11 and need not be restated here. These losses would not have been sustained by plaintiff except for the defendant’s delay and failure to observe its obligation under the contract to make available to plaintiff old Building No. 9 at the time notice was issued to start work on the contract.
The rule is firmly established that where the contractor is delayed in the performance of his contract, as plaintiff was in this case, and suffers losses that would not have been sustained except for the Government’s delay and failure to observe its obligations under the contract, the contractor is entitled to recover therefor. MoCloskey v. United States, 66 C. Cls. 105; Carroll v. United States, 76 C. Cls. 103; Snare & Triest v. United States, 43 C. Cls. 364; Worthington Pump & Machinery Corp. v. United States, 66 C. Cls. 230. In Phoenix Bridge Co. v. United States, 85 C. Cls. 603, 628, the court said:
It is well settled that where a contractor is delayed by the Government in the prosecution of work under a contract he is entitled to recover as damages the expenses incurred by reason of such delays which would not otherwise have been necessarily incurred.
Plaintiff under the authorities cited is entitled to recover the losses sustained by it by reason of the delayed completion of the work under the contract amounting to $23,316.10.
Plaintiff upon the whole case is entitled to recover $30,-016.10 and judgment in that amount is hereby awarded.
Whaley, Judge; Littleton, Judge; Green, Judge; and Booth, Chief Justice, concur.