LittletoN, Judge,
delivered the opinion of the court:
The total of $1,416.15 sought to be recovered in this case resulted from the purchase of hay by the contracting officer of the defendant at prices in excess of the prices stated in plaintiffs’ contracts which he charged against plaintiffs under three contracts, Nos. 6218, 6961, and 6224, as set forth in the findings.
*427 Contract 6218 of September 17, 1929, called for the delivery by plaintiffs at Ft. Clark, Texas, of 1,285 tons of feeding hay, delivery “to commence October 1, 1929, and be completed at a rate not exceeding 15 tons per working day,” and 458 tons of bedding hay or straw, to be delivered in the same way.
On March 25, 1930, five months after delivery under contract 6218 was required to be commenced, the property officer at Ft. Clark wrote plaintiffs that on that date there was due 102.3 tons of feeding hay under this contract and 266.22 tons of bedding hay. The contracting officer at Ft. Sam Houston had previously written plaintiffs on November 14 and December 18, 1929, asking for deliveries under this contract (finding 3). The evidence is not sufficient to show that when the letter of March 25, 1930, above mentioned, was written at Ft. Clark calling upon plaintiffs to deliver the balance of the hay due under contract 6218 a sufficient quantity of hay had been delivered and was on hand at Ft. Clark to supply the needs of the defendant at that post. Between the date of this letter and April 4, 1930, plaintiffs delivered certain feeding hay but did not make any deliveries on the balance of the bedding hay called for by the contract. Accordingly, on April 4, the contracting officer purchased against this contract the balance of the feeding hay due on that date of 10.565 tons and the balance of 262 tons of bedding hay called for at a total price of $234.43 in excess of the price a ton, at which plaintiffs had agreed to deliver the hay, and charged that amount against plaintiffs.
Plaintiffs claim that inasmuch as the contract did not specify a definite period within which delivery should be made, but only that delivery should commence on October 1, 1929, and be completed at a rate not to exceed 15 tons a day, there was no delinquency under the contract, either on March 25, 1930, or April 4, 1930, when the purchases were made against their account. This contention cannot be sustained upon the facts. Under the terms of the contract, the plaintiffs were required to make delivery of the number of tons of hay called for within a reasonable time, or as needed by the Government, not to exceed 15 tons a day. *428 Six months was a reasonable time for compliance with the contract and the letters written by the defendant to plaintiffs asking for delivery of the hay under this contract are sufficient to show that the defendant needed the hay and desired that it be delivered. The contracting officer was therefore justified in the circumstances in declaring plaintiffs in default under this contract and in purchasing the balance of the hay due under the contract and charging the excess cost thereof to plaintiffs’ account.
The next contract involved is No. 6961, calling for the delivery of 402 tons of feeding hay. In the first part of this contract relating to the number of tons purchased it was provided that 140 tons were to be delivered during March 1930 at a rate not to exceed 15 tons a day beginning March 15, to be completed by March 31, 1930, and that 262 tons were to be delivered during April 1930, at a rate not to exceed 15 tons a day, beginning April 1, and to be completed by April 30, 1930. On Sheet 2 of this contract under the provisions relating specifically to the matter of-delivery of the hay called for, the contract provided that 140 tons, of the 402 tons called for, should be delivered during March— delivery to commence March 15, 1930. This delivery schedule further specifically provided that the balance of 262 tons was to be delivered during April and May 1930 at a rate not to exceed 15 tons a day, effective April 1 and May 1, 1930. In the letter from the contracting officer accepting the bid of plaintiffs, the contracting officer advised plaintiffs that in case of delinquency in delivery of the hay existing over a period of ten days, if not satisfactorily explained, the defendant would make purchases against their account in accordance with instructions accompanying the advertisement for bids. This contract No. 6981 was not executed by the defendant until March 27, 1930. Plaintiffs delivered and defendant accepted 273 tons of hay under this contract prior to April 4, 1930. On that date the contracting officer arbitrarily declared the plaintiffs in default and purchased the remaining hay called for by the contract of about 129 tons at $90.60 in excess of the contract price for this quantity and charged that amount to plaintiffs’ account and deducted the same from an amount otherwise due plaintiffs under an *429 other contract. It is clear from the record that by this action the defendant breached the contract and that plaintiffs are entitled to recover the excess cost of $90.60 so charged to them. Under the terms of the contract relating specifically to delivery, plaintiffs could not be held delinquent until after May 1930. Moreover, the contract did not become effective until it was executed by the defendant on March 27, 1930, and that date operated also to extend the contract time for performance by the number of days between March 18, when the contract was forwarded to plaintiffs, and March 27, when it was executed by the defendant. George Griffiths, Trading as George Griffiths Construction Co., v. United States, 77 C. Cls. 542, 552.
The next contract is No. 6224 under which the defendant made certain purchases of hay in the open market against plaintiffs’ account at a cost of $4.60 a ton in excess of the contract price and charged plaintiffs with $1,091.12, which they allege was improper and erroneous, and for which they ask judgment. Under the facts disclosed and under the authority of the decision of this court in Thomas C. Edwards v. United States, 80 C. Cls. 118, the defendant, rather than plaintiffs, breached this contract by rejecting hay which complied with the provisions of the contract and Department of Agriculture specifications, and the purchases made against plaintiffs’ account by reason of that action were improper and unauthorized. Plaintiffs are therefore entitled to recover the amount of $1,091.12 charged against them under this contract. The record shows that hay tendered by plaintiffs under this contract was rejected by the Army hay inspector when such hay had been regularly and properly accepted by a licensed federal hay inspector under Department of Agriculture specifications, which rejected hay was found, upon analysis, to comply with defendant’s specifications. In addition the Army inspector rejected a number of cars of hay tendered which had been duly inspected and certified by a federal licensed hay inspector, and this hay was reshipped by plaintiffs to the defendant at another Army post under a similar contract and was accepted.
*430 Plaintiffs are entitled to recover $1,181.72 and the defendant is entitled to recover on its counterclaim $234.43, which was heretofore offset by the Comptroller General from amounts otherwise due plaintiffs. Judgment will therefore be entered in favor of plaintiffs for $1,181.72. It is so ordered.
Williams, Judge; Green, Judge; and Whaley, Chief Justice, concur.
Whitaker, Judge, took no part in the decision of this case.