GreeN, Judge,
delivered the opinion of the court:
The plaintiff made a bid on a contract to perform certain work for the defendant. Its bid was accepted and under the specifications, after the contract had been duly approved, it was to commence work on receiving notice to proceed. Thereafter, the plaintiff inquired of defendant if there would be any objection to commencing the work prior to the approval of the contract and prior to the receipt of the *310 notice to proceed. The defendant advised the plaintiff that there would probably be no objection to such procedure on the understanding that the plaintiff would proceed at its own risk.
Thereupon the plaintiff began work on the contract and continued until the defendant instructed it to suspend because of a Stop Order on all new work. Afterwards the contract was approved and the plaintiff was notified to proceed. As a result of the plaintiff being stopped on the work which it had begun prior to the approval of the contract, the plaintiff incurred additional expense amounting to $1,146.15 which would not otherwise have been sustained. This action is begun by plaintiff to recover the amount of these expenses.
. The controversy in the case is over the effect of the defendant informing plaintiff that it could proceed with the work prior to the execution of the contract at “its own risk.”
We think these words should be construed in their usual and ordinary meaning which would be that if the plaintiff sustained any damage by reason of commencing work before any contract was made, it alone was to be responsible therefor.
Plaintiff’s petition must be dismissed and it is so ordered.
Williams, Judge; IattletoN, Judge; and' Whaley, Chief Justice, concur.
Whitaker, Judge, took no part in the decision of this case.