Littleton, Judge,
delivered the opinion of the court:
Upon the facts set forth in the findings, we are of opinion that the defendant unreasonably delayed giving plaintiff notice to proceed after the contract had been executed and the performance bond furnished, and that plaintiff is entitled to recover its reasonable and necessary expenses incurred, in the amount of $3,421.73, on account of such delay. The evidence shows beyond question, and we have found as a fact (1) that twelve days was a reasonable length of time under art. 1 of the contract for the defendant to give notice to proceed and (2) that if the defendant had given plaintiff notice to proceed within such reasonable time plaintiff could and would have completed the work called for by the contract before the last of November and that it would not therefore have incurred the additional expenses claimed. The facts show without dispute that plaintiff did not include anything in its original bid under which the contract was awarded and executed for any expenses involved in this claim. This was for the reason that plaintiff was ready and able to prosecute the work with dispatch and to complete it before winter weather. The facts likewise show that its bid discussed May 22, and accepted June 4, 1935, for the change for the use of granite instead of wood and stone in certain parts of the building, which the defendant decided to make, likewise did not include any amount on account of such expense, and that the contracting officer declined to consider the .inclusion therein of any amount on account of such expense.
^ While it is true, as defendant contends, that art. 1 of the ,. contract, which provided that the work should be commenced by plaintiff as soon as practicable after receipt of ■. notice to proceed, did not contain any express provision ' as to the time within which the defendant should give such notice, there was clearly an implied obligation on the defendant to give such notice within a reasonable time. This ¡the defendant admits, but it contends that the delay was 'not unreasonable. We cannot agree, and believe that the \ delay of 82 days in giving notice to proceed after the per-i formance bond had been furnished was unreasonable. We *259 are of opinion that 12 days after such bond had been furnished was, in the circumstances, a reasonable length of time. This left a period of 70 days during which the defendant unreasonably delayed plaintiff in commencing performance of the work. This caused the work to extend into the winter months, during which heat was required to be furnished, and which otherwise retarded the work. . The expenses sought to be recovered were directly attributable to the initial delay in giving reasonably prompt notice to proceed. The record contains nothing to show, and defendant does not contend, that the contemplated change to provide granite for use for certain cornices instead of wood, and granite instead of stone for exterior wall facing and at other places where stone had previously been specified necessitated any delay in giving notice to proceed beyond a reasonable time. The Government at no time during the 82 days after the contract was executed considered any termination of the contract work, and it did not have under consideration any change, other than the one mentioned. It was not necessary that notice to proceed be delayed. The work of constructing the foundations and the main building structure could and would have been commenced and prosecuted before the change was made. The Comptroller General in denying plaintiff’s claim on July 22, 1937, after all work had been completed and accepted, held that because plaintiff did not protest the delay when the notice was received on June 6,1935, it must be assumed that plaintiff waived any claim for the increased costs occasioned by the delay. But the undisputed facts show that plaintiff did sufficiently protest the delay to the Treasury Procurement Division when its supplemental bid on the proposed change was under consideration on May 22, and plaintiff was advised that no consideration could then be given to the claim for increased expenses but that plaintiff would later have recourse with reference thereto. The Comptroller further said:
* *• *, the invitation for bids provided that the Government would not be required to award the contract until 35 days after the date of opening thereof. The bids were opened on February 28, 1935, thus establishing the final date on which award could be made as *260 April 4, 1935, a reasonable time thereafter for giving the notice to proceed would be April 15, 1935. As the contract required the work to be complete within 300 calendar days, the completion date would be February 9, 1935. This period was extended 33 calendar days by approved change orders, thus making the final completion date in accordance with the terms of the original invitation for bid and executed change orders as March 13, 1936. Accordingly, it is apparent that any temporary heat you had to supply would only have been for the period subsequent to this date or a comparatively small amount of your claim.
It is perfectly apparent that neither the 35 days reserved by the defendant in the invitation for bids for awarding the contract nor the 300 days allowed for completion has any bearing upon the claim presented. The contract was executed by both parties on March 15, 1935, 20 days before the expiration of the 35-day period, and the defendant can claim no rights in the circumstances because it made the contract before the expiration of the period during which it could otherwise have held bidders to their quotation. It is likewise clear that, notwithstanding the period of 300 days allowed for completion without liquidated damages, plaintiff was entitled to notice to proceed within a reasonable time after the contract was executed. From that date the completion period would run. The Comptroller found and held that 11 days was a reasonable time for giving the notice to proceed, and plaintiff allows 12 days, which we have approved.
Defendant further contends that since art. 3 of the contract authorized the contracting officer to make changes in the drawings and specifications of the contract, it must have been contemplated by the parties that delays in performance might result from changes, and that a delay resulting from such cause would not give rise to a claim for damages. This is not an iron-clad rule. It is always a question of fact whether changes, or contemplated changes, result in such unreasonable delay as will entitle the contractor to recover damages measured by the increased expenses directly attributable thereto. Levering & Garrigues Co. v. United States, 71 C. Cls. 739, 757, 758. In those cases where recovery has been denied, because of delay *261 caused by the defendant as a result of changes or otherwise,, the denial has been based upon the finding that the delay was either not unreasonable, or that the claimed increased expenses for delay were contemplated in making the original bid or in fixing the amount to be paid by reason of the changes, a fact which does not exist in the case at, bar. Defendant cites and relies upon the case of Detroit Steel Products Co. v. United States, 62 C. Cls. 686, which; it contends “is peculiarly applicable,” but a reading of the-opinion in that case will show that it is not authority against plaintiff’s claim for recovery under the facts disclosed in the instant case. In Detroit Steel Products Company case, the court pointed out at p. 697 that the contract' in that case provided that the contractor was to commence; the work, for which a claim for delay was made, when it received notice from the defendant that the building on which it was to perform the work was ready, and there-was no finding or conclusion by the court that any delay-complained of was unreasonable. The decision in Karno-Smith Company, a Corporation, v. United States, 84 C. Cls. 110, 128, is applicable here. There the court allowed, recovery on a claim similar to the one here involved and said:
The next claim made by the plaintiff is for the-furnishing of heat for 80 days from November 15 to December 14, 1932, in the sum of $1,200. The plaintiff' had contracted to furnish temporary heat as necessary to protect all work and material against injury and! cold weather, and when called on to ’ furnish heat for the period above mentioned it protested but supplied the heat. The contention is made that, if the Government had not delayed the plaintiff 13 days in the preparation of the foundations and the 62 days in furnishing the drawings for the terra cotta work, the building: would have been completed before the cold weather had set in and therefore the heat would have been unnecessary. The facts clearly show that the necessity for the furnishing of this heat arose because of the delays occasioned by the defendant and without these delays the building would have been completed and turned over to the Government before cold weather had set in and the plaintiff would not have been called upon to-furnish this heat. A claim was made for the reim *262 bursement of this additional expense, investigated by the Supervising Architect and referred by him to the Comptroller General, who disallowed it. It was the duty of the Supervising Architect under the terms of the contract as representative of the contracting officer to make a decision on the merits of the claim. The Comptroller General was not a party to the contract, and his decision amounted to a nullity.
The case of Thomas Earle & Sons, Inc., a Corporation, v. United States, 90 C. Cls. 808, is not in point. In that case the contractor commenced work at his own risk more than .a month before the contract had been executed by the defendant and before notice to proceed had been given, and sought to recover alleged damages resulting from stoppage of the work also about a month before the contract had been executed by the defendant. No unreasonable delay was caused by the defendant. The contract was executed by the defendant on May 22 and notice to proceed was given four days later, on May 26, 1933.
Plaintiff is entitled to recover and judgment will be entered in its favor for $3,421.13. It is so ordered.
Green, Judge; and Whaley, Chief Justice, concur.
Whitaker, Judge, took no part in the decision of this case.