## PARISH v. UNITED STATES.
### No. 47873.

United States Court of Claims.
July 9, 1951.

Godfrey L. Munter, Washington, D. C., Charles H. Sachs, Pittsburgh, Pa., on the brief, for plaintiff.

James J. Sweeney, Washington, D. C., H. G. Morison, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

LITTLETON, Judge.

Plaintiff Michael H. Parish, trading as the Allegheny Asphalt and Paving Company, is a construction contractor whose business is located in Pittsburgh, Pennsylvania. In September 1943, the United States Government, through its Civil Aeronautics Administration, invited bids for construction work necessary to the com-

348

pletion of an airport project at Johnstown, Pennsylvania. Parish's bid was the lowest of five submitted, and on November 5, 1943, he was notified by telegram that he had been awarded the contract and that confirmation and notice to proceed would follow (finding 6). The notice of award was properly confirmed and a written contract embodying the complete agreement of the parties was executed. Contract formalities were complete and signed copies of the contract were in the hands of the parties by December 2, 1943. Because the construction season was nearing an end, plaintiff requested that notice to proceed be delayed until the following spring. CAA's representatives agreed.

Expecting the notice to proceed to issue about April 1, 1944, plaintiff moved men, material, and heavy equipment to the contract site so that he might be ready to proceed on that date. It was important to plaintiff that he be in a position to start work promptly after receiving the notice to proceed, because the contract required that work be commenced within 10 days after authorization to proceed and be completed within 60 working days thereafter. The contract carried a $400 per day penalty clause for delay in completion beyond the contract time.

Wartime construction was largely regulated by the War Production Board, and the Government agencies concerned interpreted WPB Construction Conservation Order L-41, as amended, to require authorization by that board before proceeding with a project of the Johnstown Airport type. Prompt application was made by CAA to WPB for its authorization to commence construction, but approval of the project, due to no fault of CAA's or WPB's, was delayed until late in the fall of 1944. Notice to proceed was issued immediately thereafter, but by the time plaintiff received it, the 1944 construction season was nearing an end; about a month later the project had to be closed down for the winter because of freezing weather.

The airstrip was completed in August 1945, and was accepted by the Government without the imposition of any penalty for delay, the Government having granted extensions of time covering certain change orders and adverse weather conditions and having allowed plaintiff an extra 18 days' extension because of the Government's delay in issuing the order to proceed.

By this time, however, the plaintiff's organization had been occupied with the contract for nearly two years and substantial expense had been incurred by Parish in moving his equipment to the site only to encounter unexpected delay and the necessity of moving the machinery on to other projects and then back again to Johnstown. Plaintiff's suit is for the recovery of losses sustained by reason of the Government's delay in issuance of the notice to proceed. Pursuant to Fed.Rules Civ.Proc. rule 39(b), 28 U.S.C.A., the present issue has been limited to the question of liability.

In denying relief to a contractor where notice to proceed had been delayed nearly a year and the cost of performance had, in the meantime, increased, this court noted the distinction between instances of delay to the contractor resulting from some want of diligence on the part of the Government in making work or materials available to the contractor. See Fuller Co. v. United States, 69 F.Supp. 409, 108 Ct.Cl. 70, and authorities collected therein, and instances of delays resulting from the exercise by the Government of some right reserved to itself, Stafford v. United States, 74 F.Supp. 155, 109 Ct.Cl. 479. The case before us involves a delay of the latter type.

To prevail in the instant action, the plaintiff must establish a breach of contract upon which to predicate a claim for damages; the fact that plaintiff has sustained losses is not enough to enlarge the provisions of a written contract. Wells Brothers v. United States, 254 U.S. 83, 41 S.Ct. 34, 65 L.Ed. 148. In this case, as in the Stafford case, supra, the plaintiff has presented nothing upon which to fashion a breach of contract, beyond the disappointment of the contractor in the mutual expectation that the starting date of plaintiff's work would not extend more than a few months beyond the award of the contract.

 The Government assumed no warranty that plaintiff would be allowed to proceed upon a given date, or within a certain time. On the other hand, the invitation to bid (finding 12), the telegraphic notice of award (finding 6), defendant's "purchase order" letter (finding 7), defendant's letter of confirmation of award (finding 8), and the "Special Proposal Conditions for Construction of Air Navigation Facilities Negotiated Contracts," attached to the contract itself (finding 12), all emphasized the fact that neither the notice of award nor the execution of the formal contract constituted a notice or authority to proceed and that such notice would be issued later, at the convenience of the Government. The plaintiff knew that CAA contemplated clearing the project with WPB and that it did not intend to proceed with construction until that clearance was received (findings 16 and 19). Parish proceeded upon the reasonable assumption that his notice to proceed would be forthcoming in the spring of 1944. But he proceeded at his own risk, and having been damaged by circumstances that were neither foreseeable nor attributable to the fault of either party, he must bear that loss himself. Thomas Earle & Sons, Inc. v. United States, 90 Ct.Cl. 308.

It is true, as we have held and as plaintiff contends, that if the notice to proceed is withheld without cause for an unreasonable period, that act may be construed as a breach of contract, Ross Engineering Co., Inc. v. United States, 92 Ct. Cl. 253. But reasonableness is, in each instance, a question of fact. Taking into consideration the wartime circumstances under which the parties contracted, the knowledge of those circumstances attributable to the parties, the fact that the contract and related papers indicated that notice to proceed would be issued at the convenience of the Government, and the fact that the CAA did its best to obtain prompt clearance from WPB,[1] we cannot say, in this instance, that the delay in giving plaintiff notice to proceed was so unreasonable as to amount to a breach of contract.

Plaintiff made no attempt to rescind; and so we do not reach the question of whether the Government's delay in issuing the notice to proceed might have furnished the contractor a basis for rescission. Cf. Kimball v. United States, 24 Ct.Cl. 35.

Parish performed his contract and has received the contract price. We find no breach of contract on the part of the defendant, and plaintiff's petition must be dismissed. It is so ordered.

JONES, Chief Judge, and HOWELL, MADDEN, and WHITAKER, Judges, concur.

---

[1] Plaintiff has raised the question of whether CAA was legally bound to obtain clearance from WPB under Construction Conservation Order L–41. We do not feel that a decision upon this point is necessary to the disposition of this case, as we find that CAA acted reasonably in seeking such clearance. The evidence shows clearly that all Government officials believed that clearance was necessary, and plaintiff knew that CAA considered project clearance a prerequisite to construction. WPB, in delaying approval, was not shown to have acted arbitrarily.