ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| GSI Construction Corp. | ) ASBCA No. 63828 |
| | ) |
| Under Contract No. FA4417-23-C-0009 | ) |

APPEARANCE FOR THE APPELLANT:           Mr. Josh Owens
                                                                        President

APPEARANCES FOR THE GOVERNMENT:    Caryl A. Potter, III, Esq.
                                                                        Air Force Deputy Chief Trial Attorney
                                                                     Michael J. Farr, Esq.
                                                                        Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE MELNICK DENYING THE
GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

GSI Corporation (GSI) seeks a price adjustment after the government delayed performance of its construction contract into the solicitation's period for escalated pricing. The government seeks summary judgment, contending GSI cannot prevail as a matter of law. The motion is denied.

The 1st Special Operations Contracting Squadron (the government) issued a solicitation in 2022 for renovation, repair, and construction of an addition to a child development center (R4, tab 1). As amended, the solicitation contained eight base line items to be priced in amounts valid from the proposal date through September 30, 2023 (R4, tab 7 at 3-5). It also contained eight identical option line items to be priced in amounts valid from October 1, 2023, through December 31, 2023 (R4, tab 7 at 5-7). GSI's option period bids were escalated above its base bids (app. supp. R4, tab 1 at 7-10.[1] The government awarded the contract to GSI on August 17, 2023, for the eight base line items (R4, tab 10). The contract incorporated FAR 52.242-14, SUSPENSION OF WORK (APR 1984) (R4, tab 10 at 30). The period of performance was to commence after the notice to proceed (R4, tab 10 at 2, 10). We cannot find, and have not been directed to, any provision of the contract specifying when the government would issue the notice to proceed. The government did not issue the notice to proceed until October 19, 2023, 63 days after award, effective October 23, and well into the option period established by the solicitation (R4, tab 11).

_____

[1] We cite to the PDF page numbers for this document because the internal pagination is duplicative.

On November 10, 2023, GSI submitted a certified claim, asserting that after award the project facility was not ready for work, GSI was not given tools necessary to lock in the pricing reflected in its base bid, and was not given the notice to proceed until October 23. According to the claim, even then the building was not available for work. (R4, tab 12 at 2) The claim alleged that the government awarded the contract for the pre-September 30 base prices knowing it was not prepared to issue a notice to proceed until the escalated option period (R4, tab 12 at 3). It sought $539,000 to increase the total price to reflect the amounts bid for the option period (R4, tab 12 at 2-3). The contracting officer denied the claim on January 22, 2024 (R4, tab 13). GSI appeals and is represented by its president.

The government claims that nothing in the contract subjects it to adjustment if the notice to proceed was not issued by a certain date and therefore GSI cannot prevail as a matter of law. The government has improperly neglected to disclose long established controlling precedent contrary to its argument. That caselaw dictates that "[e]ven if there is no date set in the contract by which a notice to proceed must issue, there is an implied obligation on the part of the government to issue the notice to proceed within a reasonable time." *Nicon, Inc. v. United States*, 331 F.3d 878, 886 (Fed. Cir. 2003) (citing *Ross Eng'g Co. v. United States*, 92 Ct. Cl. 253 (1940)); *see also Elter S.A.*, ASBCA No. 52451, 01-1 BCA ¶ 31,373 at 154,913. "[D]amages for unreasonable delay in issuing the notice to proceed may be recovered under the suspension clause." *Nicon*, 331 F.3d at 886. The government also contends that FAR 16.202-1's placement upon the contractor of maximum cost risk for firm-fixed price contracts relieves the government of responsibility for its acts or inaction. That is not the law. FAR 16.202-1 does not negate the government's liability for failing to perform its contractual obligations. *Cent. Env't, Inc.*, ASBCA No. 62628, 24-1 BCA ¶ 38,488 at 187,080.

GSI cites the solicitation's establishment of a period for base pricing, followed by an option period for escalated pricing, as evidence the government anticipated cost escalation and defined the time windows. It also presented evidence that the facility was not available for work even by the October 23, 2023, effective date of the notice to proceed (app. supp. R4, tabs 19-21). In ruling upon the government's motion for summary judgment, we are to believe GSI's evidence and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). We must view the evidence in the light most favorable to GSI. *Dairyland Power Co-op v. United States*, 16 F.3d 1197, 1202 (Fed. Cir. 1994). The government offers no explanation as to the reasonableness of taking 63 days, until October 19, 2023, to issue the notice to proceed. GSI suggests the government awarded the contract well ahead of when performance could ever commence to obtain the base period prices and avoid exposure to the escalated prices contemplated for the option period. Given the evidence presented, that is a justifiable inference to draw in GSI's favor to support the conclusion that the government's delay issuing the notice to proceed was

unreasonable.  Accordingly, the government's motion for summary judgment is denied.

Dated:  June 3, 2024

_____
MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

_____
OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

_____
J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63828, Appeal of GSI Construction Corp., rendered in conformance with the Board's Charter.

Dated:  June 3, 2024

_____
PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals